# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>JONATHAN DOUGLAS FRANCO,<br>a/k/a JONATHAN D. FRANCO,<br>a/k/a JONATHAN FRANCO, and<br>ACENETH CRISTINA MERCADO FRANCO,<br>a/k/a ACENETH C. MERCADO FRANCO,<br>a/k/a ACENETH MERCADO FRANCO,<br>a/k/a ACENETH C. FRANCO,<br>a/k/a ACENETH C. MERCADO,<br>f/d/b/a ZENNY'S BOUTIQUE,<br>                      Debtor(s) | CHAPTER 13<br><br>CASE NO. 5:21-bk-01462<br><br>___ ORIGINAL PLAN<br>_3rd_ AMENDED PLAN (Indicate 1st, 2nd,<br>       3rd, etc.)<br>___ Number of Motions to Avoid Liens<br>___ Number of Motions to Value Collateral |

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☑ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN.**

    **A. Plan Payments From Future Income**

        1. To date, the Debtor paid **$N/A** (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is **$36,912.00**, plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 07/2021 | 06/2024 | $380.00 | N/A | $380.00 | $13,680.00 |
| 07/2024 | 06/2026 | $968* | N/A | $968.00 | $23,232.00 |
| | | *After auto loan paid | | | |
| | | | | Total Payments: | $36,912.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. CHECK ONE: ( ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

        ( X ) Debtor is over median income. Debtor estimates that a minimum of **$33,622.80** must be paid to allowed unsecured creditors in order to comply with the Means Test.

**B. Additional Plan Funding From <u>Liquidation of Assets/Other</u>**

    1. The Debtor estimates that the liquidation value of this estate is **$0.00**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

  X    No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

**2. SECURED CLAIMS.**

    **A. <u>Pre-Confirmation Distributions</u>.** *Check one.*

  X    None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

    **B. <u>Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor</u>.** *Check one.*
    \_\_\_ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

2

Case 5:21-bk-01462-MJC    Doc 38-2    Filed 05/11/22    Entered 05/11/22 13:33:03    Desc
Third Amended Plan    Page 2 of 6

  X      Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| **PHH Mortgage** | **Mortgage on Debtors' Home** | **2515** |
| **Global Lending** | **2020 Kia Sportage** | **6182** |
| **Bridgecrest Financial** | **2015 Hyundai Tucson** | **3501** |

      C.  **Arrears, including, but not limited to, claims secured by Debtor's principal residence.** *Check one.*

            None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

  X      The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| **PHH Mortgage** | **Mortgage on Debtors' home** | **$135.59** | **$550.00** | **$685.59** |
| **CCP POA South** | **POA Dues** | **$1,683.21** | **$0.00** | **$1,683.21** |

      D.  **Other secured claims (conduit payments, claims for which a § 506 valuation is not applicable, etc.)**

  X      None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

      E.  **Secured claims for which a § 506 valuation is applicable.** *Check one.*

  X      None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

      F.  **Surrender of Collateral.** *Check one.*

  X      None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

  X   None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

      1. Trustee's Fees.  Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

      2. Attorney's fees. Complete only one of the following options:

         a. In addition to the retainer of **$0.00** already paid by the Debtor, the amount of **$5,000.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

         b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

      3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

          X   None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

   B. **Priority Claims (including certain Domestic Support Obligations)**.

      Allowed unsecured claims, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

      | Name of Creditor | Estimated Total Payment |
      |---|---|
      |  |  |

   C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

          X   None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

4. **UNSECURED CLAIMS**

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

  __X__    None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

**B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

  __X__    None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

**6. VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

__X__ plan confirmation.
____ entry of discharge.
____ closing of case:

**7. DISCHARGE: (Check one)**

(X)    The debtor will seek a discharge pursuant to § 1328(a).
(  )    The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

| Level 1 | Adequate protection payments | $     -0- | |
|---|---|---|---|
| Level 2 | Debtor's attorney's fees. | **$ 5,000.00** | |
| Level 3 | Domestic Support Obligations | $     -0- | |
| Level 4 | Priority claims, pro rata | $     -0- | |
| Level 5 | Secured claims, pro rata | **$ 2,368.80** | |
| Level 6 | Specially classified unsecured claims | $     -0- | |
| Level 7 | General unsecured claims | **$ 26,187.56** | |
| Level 8 | Untimely filed unsecured claims to which the debtor(s) has/have not objected. | $     -0- | |
| | Subtotal | | $33,556.36 |
| | Trustee Commission | $ 3,355.64 | |
| | Total | | $36,912.00 |

5

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

**9. NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

A.  This Chapter 13 Plan provides a distribution chart in Section 8 above that provides estimated distributions to classes of creditors and the Trustee, in addition to all information indicated in the Model Plan.

Dated: May 10, 2022  /s/ Vincent Rubino
VINCENT RUBINO, ESQ., Attorney for Debtor


/s/ Jonathan Douglas Franco
JONATHAN DOUGLAS FRANCO, Debtor


/s/ Aceneth Cristina Mercado Franco
ACENETH CRISTINA MERCADO FRANCO, Joint Debtor


By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.